IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              **Case No. 07-40010-01-RDR**

MICHAEL PAUL McCLELLAND,

        Defendant.

## MEMORANDUM AND ORDER

This order is written to record the rulings of the court involving issues which arose during defendant's April 17, 2008 sentencing hearing. Defendant appeared before the court for sentencing after pleading guilty to the charge of possession of child pornography.

Defendant is a young man who did not finish his high school education. He is single. He has no children. He has a scattered employment history, but has worked steadily since the indictment was filed. Defendant abused drugs for many years, starting at the age of 14. Then, he decided to quit drugs. To do this, he stopped being around acquaintances, including co-workers, who used drugs and quit his job. He basically became homeless.

He found the doors open to some buildings at Kansas State University. Defendant would enter the buildings late at night and use the computers which he found running to surf the internet, look at pornography and then share pornography. Some of this

pornography was child pornography.

Defendant was arrested on June 6, 2006 at approximately 2:00 a.m.  He admitted his criminal conduct to police officers.

Defendant was convicted in Riley County state court of burglary of a nonresidential building and misdemeanor theft.  He was given credit for time served (96 days), a suspended sentence and two years probation.  Defendant has other prior convictions for misdemeanor theft, possession of marijuana, driving while suspended (three times), obstruction of a police officer and obstruction of court.  Defendant received a suspended sentence for all of these convictions.

Defendant has undergone a psychological evaluation where it was determined that defendant did <u>not</u> fulfill the criteria for the diagnosis of pedophilia.

<u>Sentencing objections</u>

Defendant has made two objections to the presentence report. First, defendant argues that it was improper to assess criminal history points for defendant's burglary conviction because that offense should have been considered part of the relevant conduct of the charge in this case.  Defendant contends that the intent of committing the burglary of the university building was to gain access to the computers for the purpose of viewing child

pornography.  Under the Sentencing Guidelines, if criminal conduct was part of the instant offense, then it should not be counted as part of a defendant's criminal history.  U.S.S.G. § 4A1.2(a)(1).

The court agrees with the analysis of the probation officer and the government on this point.  The crimes of burglary and possession of child pornography do not share common elements of proof, different victims are involved, and the burglary was committed prior to the use of the computers.  The burglary did not occur during the commission of the offense in this case or in the course of attempting to avoid detection or responsibility for the offense in this case.  Therefore, it was proper to treat defendant's burglary conviction as part of his criminal history and not part of the criminal offenses charged in this case.  See U.S. v. Butler, 966 F.2d 559, 564 (10th Cir. 1992); see also, U.S. v. Griffin, 2008 WL 57161 (10th Cir. 2008).

Defendant also argues that his sentence for burglary should be counted as a sentence of probation, instead of a sentence of 96 days, which was time spent on pretrial confinement.  We reject this argument and agree with the probation officer that this issue is decided in U.S. v. Cruz-Alcala, 338 F.3d 1194, 1198-1200 (10th Cir. 2003).  Defendant's sentence in state court gave him credit for 96 days "time-served."  Thus, the sentence counts as a sentence of 96 days, not as a sentence of straight probation.  See also, U.S. v. Crawley, 213 F.Supp.2d 1250, 1260 (D. Kan. 2002).

Guideline sentence

Defendant has a criminal history category of III and an offense level of 29. The guideline range is 108 to 135 months.

§ 3553 factors

Under 18 U.S.C. § 3553, the court must impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. Also, the statute further provides that in determining the appropriate sentence, the court should consider a number of factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the sentencing range established by the Guidelines, any pertinent policy statement issued by the Sentencing Commission, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The court considers defendant's crime to be a serious offense, and the court believes the sentence which was given affords adequate deterrence to anyone considering such a crime. Defendant has not served a significant prison sentence in his life. The court believes the sentence rendered in this case will deter defendant from future crimes and protect the public from any

further crimes of the defendant. In addition, there will be restrictions upon defendant after his release from incarceration which will protect the public and deter defendant from committing another offense. Finally, the rather odd circumstances of the crime in this case suggest to the court that the chances of recidivism for the same kind of offense are smaller in this case than for many other cases.

Defendant has made several wrong choices in his life, but most of these choices have not directly inflicted any serious harm to another person. Defendant is not a violent or predatory criminal. He cooperated extensively with the police when he was arrested. He has had a serious drug problem in the past, but seems to have overcome that problem. Defendant is a young man and may be developing the maturity to exercise better judgment. His adjustment while on release suggests impressive progress towards a stable and productive life.

Defendant's Guidelines sentence is only one year off the statutory maximum. So, the court must observe that a different defendant with a much worse criminal history would receive almost the same sentence under the Guidelines. This leads the court to believe that some variance from the Guidelines sentence is warranted.

Defendant's criminal history is correctly calculated under the Guidelines; however, his criminal history category somewhat

overstates the seriousness of his criminal background, in the court's opinion. This also warrants a variance in the Guidelines sentence.

The court has reviewed several child pornography cases in which there have been sentencing issues. The court is familiar with cases in which sentences were given that were higher and lower than the Guidelines sentence in this case. Looking particularly at the cases of U.S. v. Grossman, 513 F.3d 592 (6th Cir. 2008), U.S. v. Wachowiak, 496 F.3d 744 (7th Cir. 2007), and U.S. v. Baird, 2008 WL 151258 (D.Neb. 2008), the court believes there is support for the reasonableness of making a downward variance on the facts of this case.

After fully considering the Sentencing Guidelines, the nature and circumstances of the offense, defendant's history and characteristics, as well as the other factors listed in § 3553, the court decided to sentence defendant to a term of 85 months.

**IT IS SO ORDERED.**

Dated this 21st day of April, 2008 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge